James W. Bonham
c/o 6635 W Happy Valley Road, A104-166
Glendale, AZ  85310
(602)565-1456
Jbonham16@cox.net

In Pro Per

FILE ON DEMAND
FOR THE RECORD

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 2 2 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

JAMES W. BONHAM, an individual,

Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC, a corporation, DOES 1 – 10, *et al*

Defendant(s).

Case No. **CV-19-01262-PHX-GMS**

COMPLAINT

AFFIDAVIT

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

### NATURE OF THE ACTION

1. This is a complaint for money damages.

2. This action arises out of Defendants Portfolio Recovery Associates, LLC's violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(c)(5).

3. Defendant called Plaintiff's wireless phone on no less than five (5) occasions without Plaintiff's consent and after Plaintiff had registered his phone number on the National Do Not Call Registry.

4. On two (2) occasions, Defendant willfully and knowingly violated the TCPA when Defendant failed to cease placing calls to Plaintiff's wireless phone, following Plaintiff's specific requests Defendant discontinue placing calls to Plaintiff's wireless phone.

5. This action also arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") by harassing, oppressing and abusing Plaintiff while attempting to collect an alleged debt.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. All conditions precedent to the bringing of this action have been performed.

8. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

## PARTIES

9. The Plaintiff in this lawsuit is James Will Bonham, a natural person. Plaintiff is a consumer who resides in Maricopa County, Arizona.

10. The Defendant in this lawsuit is Portfolio Recovery Associates, LLC ("PRA"), a debt collector, as that term is defined in the FDCPA, 15 U.S.C. § 1692(a)(5), with offices at 120 Corporate Blvd., Suite 100, Norfolk, Virginia, 23502, and doing business in Arizona.

## BACKGROUND

11. On or about 13-April-2013, Plaintiff registered Plaintiff's phone number on the National Do Not Call Registry. *(See "Exhibit A")*

12. On or about 5-January-2019, through 7-January-2019, Defendant called the Plaintiff's wireless phone number 602-565-1456, on a minimum of three (3) occasions, from phone numbers identified as those used by Defendant, 410-390-4079, 816-318-5024 and 724-302-0446. *(See "Exhibit B")*

13. During the phone call from Defendant's phone number 724-302-0446 which Plaintiff received on January 7, 2019, Plaintiff advised Defendant's representative that Plaintiff had not given Defendant consent to be contacted by telephone. Plaintiff further instructed Defendant to cease calling Plaintiff's wireless number.

14. On 8-January-2019 and 9-January-2019, Defendant willfully and knowingly placed another two (2) telephone calls to Plaintiff's wireless number from Defendant's telephone number(s) 724-302-0514 and 281-215-5025. *(See "Exhibit B")*

15. All numbers are known by Plaintiff to be used by PRA in their debt collection operations.

16. All calls placed by PRA to Plaintiff's wireless phone occurred without Plaintiff's consent, express or otherwise, or for emergency purposes.

17. All calls placed by Defendant were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phone assigned to a cellular telephone service.

18. Defendant called at times that were inconvenient for Plaintiff to answer the call due to work and family commitments.

19. Plaintiff has never had any business relationship with Defendant at any time and has never given PRA express consent to call Plaintiff's wireless phone.

20. Plaintiff has attempted to settle this matter privately with Defendant, however, Defendant has not responded to Plaintiff's writings dated January 9, 2019, January 17, 2019 and January 25, 2019, respectively.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)

21. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

22. Defendant PRA has violated the TCPA at 47 U.S.C. §227(b)(1) by using an automatic telephone dialing system ("ATDS") that has the capacity to store or produce telephone numbers as described at 47 USC § 227(a)(1) to call Plaintiff's wireless phone, which is assigned to a cellular telephone service.

23. Defendant has further exhibited non-compliance with the TCPA by calling the Plaintiff's phone number, which is assigned to a wireless telephone service contrary to 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that PRA violated the TCPA at 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227 (b)(3)(B) of $500 for each call from Defendant's number(s) 410-390-4079, 816-318-5024 and 724-302-0446;

c. Awarding Plaintiff any fees and costs incurred in this action;

d. Awarding such other and further relief as the Court may deem just and proper. See "*Charvat v. NMP, LLC,, No. 10-3390 (6th Cir. 2011)*" and "*Fausto v. Credigy, United States District Court, N.D. California, No. C 07-05658 JW. punitive damages may be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294.$^{6}$ Punitive damages have been recognized for common law invasion of privacy claims in the context of unlawful debt collection practices. Sanchez v. Client Services, Inc., 520 F.Supp.2d 1149, 1164-65 (N.D.Cal.2007).* (emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293

F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)). Similarly, the TCPA is designed to protect consumers from parties failing to comply with any requirement of the TCPA.

## COUNT II

## DEFENDANT'S WILLFUL OR KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(c)(5)

24. Plaintiff alleges and incorporates the information in paragraphs 1 through 23.

25. Defendant demonstrated willful or knowing behavior when Defendant called Plaintiff's cellular phone on a minimum of two (2) occasions following Plaintiff's request to Defendant to cease placing further calls to Plaintiff's wireless number, clearly establishing Defendant's negligence, as well as willful and knowing violations of the TCPA.

26. Defendants actions clearly demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5) by calling the Plaintiff's phone number, more than once during a 12 month period as described at 47 U.S.C. §227(c)(5) which states in part:

> (5) PRIVATE RIGHT OF ACTION.—A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

Page 6 of 11
COMPLAINT
Bonham v. Portfolio Recovery Associates, LLC, et al

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

(and) "...*If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*" *(emphasis mine)*

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that PRA willfully and knowingly violated the TCPA at 47 U.S.C. § 227.

   b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(c)(5) of $1500 for each call from Defendant's number(s) 724-302-0514 and 281-215-5025;

   c. Awarding Plaintiff any fees and costs incurred in this action;

   d. Awarding such other and further relief as the Court may deem just and proper. See "*Charvat v. NMP, LLC,, No. 10-3390 (6th Cir. 2011)*" and "*Fausto v. Credigy, United States District Court, N.D. California, No. C 07-05658 JW. punitive damages may be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294.[6] Punitive damages have been recognized for common law invasion of privacy claims in the context of unlawful debt collection practices. Sanchez v. Client Services, Inc., 520 F.Supp.2d 1149, 1164-65 (N.D.Cal.2007).* (emotional distress);

*Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)). Similarly, the TCPA is designed to protect consumers from parties failing to comply with any requirement of the TCPA.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692(d)

28. Defendant harassed, oppressed and abused Plaintiff when Defendant caused Plaintiff's wireless phone to ring on five (5) separate occasions, therefore, violating the FDCPA at 15 U.S.C. § 1692 (d)(5).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

 a. Adjudging that PRA violated the FDCPA.

 b. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 for each call Defendant placed to Plaintiff's wireless phone;

 c. Awarding Plaintiff any fees and costs incurred in this action;

    d. Awarding such other and further relief as the Court may deem just and proper. See "*Fausto v. Crediqy, United States District Court, N.D. California, No. C 07-05658 JW.* punitive damages may be awarded *"where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294.*[6] Punitive damages have been recognized for common law invasion of privacy claims in the context of unlawful debt collection practices. Sanchez v. Client Services, Inc., 520 F.Supp.2d 1149, 1164-65 (N.D.Cal.2007).* (emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)). Similarly, the TCPA is designed to protect consumers from parties failing to comply with any requirement of the TCPA.

## CONCLUSION

Plaintiff seeks monetary damages for violations of the TCPA in the amount of the statutory minimums, $2500.00. However, should the Court at its' discretion determine willful and knowing behavior of the Defendant regarding TCPA violations, Plaintiff seeks treble

damages for the two (2) calls which were placed to Plaintiff's phone following Plaintiff's request to discontinue placing calls to Plaintiff's phone for a total of $4500.00. Plaintiff also seeks minimum statutory damages of $1000 for each call placed to Plaintiff contrary to the FDCPA. Plaintiff further seeks punitive damages for emotional distress caused of Defendant.

## RESERVATION OF RIGHTS

Plaintiff reserves all rights for actual damages that have occurred or that discovery may bear as witness, including but not limited to, Defendant's telephone system records which may reveal additional unauthorized calls and repeat violations made by Defendant to Plaintiff's phone. All Rights Reserved.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

*Respectfully Submitted –
February 22, 2019*

Respectfully Submitted,

*[signature]*
James Will Bonham, Plaintiff
In Pro Per

**AFFIDAVIT**

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, COMPLAINT FOR RELIEF, AFFIDAVIT, TRIAL BY JURY DEMANDED.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I declare under the penalty of perjury of the Laws of Arizona, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this affidavit is executed in _Phoenix_, Arizona and is dated this 22nd day of February, 2019.

_____
JAMES W BONHAM, Plaintiff, in Pro per

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this __22__ day of _Feb_, 2019.

_Cody Wilson Chester_
Notary

My commission expires: _04/23/22_                    seal



CODY WILSON CHESTER
Notary ID # 203335047
Notary Public - State of Arizona
County of Maricopa
My Comm. Expires 04-23-2022

Page 11 of 11
COMPLAINT
Bonham v. Portfolio Recovery Associates, LLC, et al

# EXHIBIT A

# verizon✓

# CUSTOMER RECEIPT

**Please keep this important document for your records.**

Thanks for choosing Verizon. Enjoy your purchase! Have questions about your order? Sign in at vzw.com/myverizon or call us at 1-800-922-0204. Just switched to Verizon? You may be eligible to have your switching costs reimbursed. Go to vzw.com/switch and enter promo code 54-456 for eligibility requirements.

Ship To:
ATTN:JAMES BONHAM
JAMES BONHAM
6635 W HAPPY VALLEY RD

GLENDALE, AZ 85310-2609

Order No:
Location Code:
Order Process Date:
Ship Date:
Wrhs Order No:

| Item Description | Item SKU | Retail Price / VZW Cost* | Ship Qty | Item Price | Item Subtotal |
|---|---|---|---|---|---|
| SAM GAL NOTE4 B CLNR | CLNRSAMN910 | | 1 | | |
| | User: JAMES BONHAM | | | | |
| | Mobile No: 602-565-1456 | | | | |
| | IMEI: 990005911361138 | | | | |
| LIMITED WARRANTY | WAR33000 | | 1 | | |
| CLNR RETURN LABEL | CLNRRL | | 1 | | |
| 3-5 DAY GROUND | ECONOMYSHP | | 1 | | |

Order Subtotal:
Payment Info: n/a      Sales Tax:
Order Total:

Verizon Wireless SIM may only be used with devices certified for use on Verizon Wireless' network. You can check if your device is certified at www.verizonwireless.com/certifieddevice

**REMINDER:** You must return your defective device within 5 days. If you do not return your defective device or if you return a device that has been subjected to neglect, misuse, liquid damage, or unreasonable wear and tear, you will be charged up to the full retail price of your replacement device, which may exceed $500.

**Return Instructions:** (1) Place your defective device in the shipping carton; do not include any accessories; (2) Attach the return label and keep a copy of the label; (3) Return your package using shipping carrier identified on return label. To reprint a copy of your return label, visit vzw.com/printreturnlabel

Included Collateral:

| Item Description | Item SKU | Qty |
|---|---|---|
| 4G Smart ph CLNR AG | OTA80469BI | 1 |

**Cellular Service Information**

Mobile No: 602-565-1456     User Name: JAMES BONHAM

Price Plan Descr:
THE VERIZON PLAN LARGE 6GB $60
EARLY TERMINATION FEE: $0

The monthly Federal Universal Service Charge is 17.40% of interstate and int'l telecom charges (varies quarterly). The monthly Regulatory Charge is $0.21 per line for voice capable devices, or $0.02 per line for data only devices. The monthly Administrative Charge is $1.23 per line for voice capable devices, or $0.06 per line for data only devices. These Charges are our charges, not taxes. Taxes, surcharges and other fees, such as E911 and gross receipt charges, can add between 11.00% and 24.00% to your monthly bill, and are added to your monthly access fees and airtime charges.

12/4/2016  12:16:11PM     Ver: 3.15          Page 1 of 2

# My Devices

## Jim Bonham
## 602.565.1456

Nice, this line is ready for an upgrade.



# Browse Popular

# Hey, Jim.

How can we help you?

## Quick Updates

### Bill

**Thanks. Your bill is paid.**

Your last payment of $▮ was received on 02.16.2019.

### Usage

**You're good on data.**

You've got 64% of your data left.

▮ of 1▮ remaining.
2 days left in your bill cycle.

### Offers

**Buy Samsung Galaxy S10, get S10e free.**

Eligible on 128GB model. ⓘ

My Verizon

2/21/2019

## Jim Bonham

| | |
|---|---|
| **From:** | Verify@DonotCall.gov |
| **Sent:** | Monday, December 30, 2013 12:07 PM |
| **To:** | jbonham16@cox.net |
| **Subject:** | National Do Not Call Registry - Your Registration Is Confirmed |

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1456 on April 13, 2013. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*******************************************************************************************
******************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT B

| Call # | Date | Calling Party | Telephone # | Time | Notes | Amt |
|---|---|---|---|---|---|---|
| 1 | 1/5/2019 | PORTFOLIO RECOVERY ASSOC | 410-390-4079 | 10:03 AM | Called Left no msg | $500 |
| 2 | 1/6/2019 | PORTFOLIO RECOVERY ASSOC | 816-318-5024 | 10:57 AM | Called Left no msg. Deandre Fossen(?) - Advised Deandre he/she did not have my consent to contact me by phone and to remove my number from | $500 |
| 3 | 1/7/2019 | PORTFOLIO RECOVERY ASSOC | 724-302-0446 | 6:08 PM | their records | $500 |
| 4 | 1/8/2019 | PORTFOLIO RECOVERY ASSOC | 724-302-0514 | 9:03 AM | Called Left no msg | $1,500 |
| 5 | 1/9/2019 | PORTFOLIO RECOVERY ASSOC | 281-215-5025 | 1:25 PM | Received a call from Alfonzo Chapman - advised I had already requested not to call me. | $1,500 |
|  |  |  |  |  |  | $4,500 |

I, James Will Bonham, do hereby declare and affirm that the calls described above were received without my consent.

Under Penalty of Perjury —

February 21, 2019

James Will Bonham
James Will Bonham
Plaintiff